# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA

       Plaintiff,

v.

TYRONE SHADALE OAKS,

       Defendant,

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 07-315 (MJD/SRN)

---

Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

Tyrone Shadale Oaks, pro se.

---

## I.     INTRODUCTION

This matter is before the Court on Petitioner Tyrone Shadale Oaks' Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody.  [Docket No. 119]

## II.     BACKGROUND

On September 11, 2007, Petitioner Tyrone Shadale Oaks was indicted for

being a felon in possession of a firearm, in violation of Title 18, United States

Code, Sections 922(g)(1) and 924(e)(1), Count 1.  [Docket No. 1]  Trial commenced

1

on February 25, 2008.  The parties stipulated that Oaks had previously been

convicted of one or more felony crimes and that the firearm in question had

traveled in interstate commerce.  On February 27, 2008, a jury returned a verdict

of guilty against Oaks as to Count 1, felon in possession of a firearm.  [Docket

No. 69]

In preparation for sentencing, a presentence investigation report ("PSR")

was completed, finding that the Petitioner had been previously convicted of

three felony crimes of violence.  Oaks made certain objections to the PSR, but

made no objections to the felony convictions that formed the basis for application

of the armed career criminal enhancement in the present case.

Based on the application of the Armed Career Criminal Act ("ACCA"), 18

U.S.C § 924(e), the advisory guidelines range was 235 to 293 months

imprisonment, with the statutory minimum set at 180 months.  On June 24, 2008,

the Court sentenced Oaks to 293 months in prison.  [Docket No. 89]

Oaks appealed both his conviction and his sentence to the Eighth Circuit

Court of Appeals.  The Eight Circuit affirmed the judgment of the district court.

United States v. Oaks, 606 F.3d 530 (8th Cir. 2010).

After filing his § 2255 Petition, Oaks filed a Pro Se Motion for Extension of

Time to Reply to the Government's Response and later a Pro Se Motion for

Extension of Time to File Brief in Habeas Corpus.  [Docket Nos. 125, 127]  The

Court granted both motions for extension.  [Docket Nos. 126, 128]  Petitioner

filed a brief in support of the § 2255 Petition on March 22, 2012.  [Docket No. 129]

## III.   DISCUSSION

### A.     Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act
of Congress claiming the right to be released upon the ground that
the sentence was imposed in violation of the Constitution or laws of
the United States, or that the court was without jurisdiction to
impose such sentence, or that the sentence was in excess of the
maximum authorized by law, or is otherwise subject to collateral
attack, may move the court which imposed the sentence to vacate,
set aside or correct the sentence.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of
constitutional rights and for a narrow range of injuries that could
not have been raised on direct appeal and, if uncorrected, would
result in a complete miscarriage of justice.  A movant may not raise
constitutional issues for the first time on collateral review without
establishing both cause for the procedural default and actual
prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

Alternatively, the procedural default can be excused if the defendant is actually

innocent.  Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion,

"[u]nless the motion and the files of the case conclusively show that the prisoner

is entitled to no relief."  28 U.S.C. § 2255(b).

> [A] petition can be dismissed without a hearing if (1) the petitioner's
> allegations, accepted as true, would not entitle the petitioner to
> relief, or (2) the allegations cannot be accepted as true because they
> are contradicted by the record, inherently incredible, or conclusions
> rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

## B.     Ineffective Assistance of Counsel Standard

In order to gain relief for ineffective assistance of counsel, Petitioner must

establish both that his counsel's performance "fell below an objective standard of

reasonableness," and that the deficient performance prejudiced his defense.

Strickland v. Washington, 466 U.S. 668, 688, 692 (1984).  The burden is on

Petitioner to establish a "reasonable probability that, but for counsel's

unprofessional errors, the result would have been different."  Id. at 694.  "A

reasonable probability is a probability sufficient to undermine confidence in the

outcome." Id. "Unless a defendant makes both showings, it cannot be said that

the conviction . . . resulted from a breakdown in the adversary process that

renders the result unreliable." Thai v. Mapes, 412 F.3d 970, 978 (8th Cir. 2005)

(quoting Strickland, 466 U.S. at 687).  The Court "need not address the

reasonableness of the attorney's behavior if the movant cannot prove prejudice."

Apfel, 97 F.3d at 1076.

Counsel's performance is deficient if it falls outside of the "wide range of

reasonable professional assistance," although there is a strong presumption that

counsel's conduct falls within this broad spectrum.  Strickland, 466 U.S. at 689.

"Counsel's performance is deficient when it is less competent than the assistance

that should be provided by a reasonable attorney under the same

circumstances."  Chambers v. Armontrout, 907 F.2d 825, 828 (8th Cir. 1990)

(citing Strickland, 466 U.S. at 687).

### C.     Petitioner's Stated Grounds for Relief

In his § 2255 Petition, Oaks sets forth three grounds for relief: 1)

"[i]neffective assistance of counsel for failing to object to a Shepard violation

committed by the District Court when determining an ACCA enhancement;" 2)

"Counsel provided ineffective assistance by failing to object to constructive

amendment of indictment;" and 3) "Counsel provided ineffective assistance of counsel by failing to object to a Crawford violation." [Docket No. 119] The Court concludes that Petitioner has failed to meet his burden to establish that counsel's assistance fell short of an objective standard of reasonableness and that his defense was prejudiced as a result.

### D.    Requested Transcripts for § 2255 Petition

As a preliminary issue, this Court addresses Petitioner's repeated requests for transcripts, furnished at the United States' expense. Pursuant to 28 U.S.C. § 753(f), Petitioner is entitled to a free copy of his trial transcripts if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Petitioner's motion for trial transcripts under 28 U.S.C. § 753(f) was denied by this Court on September 15, 2011. [Docket No. 122] Petitioner renewed his request in his first motion for extension of time, and mentioned his desire for transcripts in his original habeas petition, which was resubmitted with his memorandum.

Under § 753(f), transcripts shall be provided and paid for by the United States if two conditions are met: first, that the suit or appeal is not frivolous; and

second, that the transcript is needed to decide the issue presented.  United States

v. MacCollom, 426 U.S. 317, 326 (1976).

Petitioner's motion for a free transcript merely states that "trial and

sentencing transcripts are needed to decide claims of charging serious

violations to Petitioner's constitutional rights, including claims of

misconduct, due process violations and claims of ineffective assistance of

counsel."  [Docket No. 120]  Petitioner again raised his request for free

transcripts in his November 17, 2011, Motion for Extension of Time to

Reply; however, Petitioner failed to provide any factual allegations

allowing for a conclusion that his claim was not frivolous.  [Docket No.

125]  Here, as in MacCollom, Petitioner asserted only a naked, conclusory

allegation of ineffective assistance of counsel; no factual allegations were

provided in support of Petitioner's assertion.  There is no indication that

these claims are non-frivolous or that they would be aided by receipt of the

trial transcripts.

Taking into account all documents now filed by Petitioner in

connection with his habeas petition, with regard to Petitioner's

constructive amendment and Crawford allegations, he has still provided

no argument or factual allegation to support a conclusion that his claims

are non-frivolous or that a transcript would aid his petition. As for

Petitioner's allegation of a <u>Shepard</u> violation, which was fleshed out in

Petitioner's recent memorandum, there is no indication that a transcript

would assist Petitioner in his claim, and, as the Court will discuss below,

the argument raised is frivolous.

**E.      Alleged <u>Shepard</u> Violation**

Petitioner asserts that his counsel failed to investigate Oaks' prior

convictions and object to the PSR's incorporation of his 1992 conviction for

Attempted Breaking and Entering. He further asserts that this conviction should

not have been relied upon for the purposes of determining his ACCA

enhancement.

The ACCA provides a sentence enhancement for individuals with at least

three prior violent felony convictions. 18 U.S.C. § 924(e)(1). As defined in the

ACCA, a "violent felony" includes:

> (B) . . . any crime punishable by imprisonment for a term exceeding one
> year, or any act of juvenile delinquency involving the use or carrying of a
> firearm, knife, or destructive device that would be punishable by
> imprisonment for such term if committed by an adult, that-

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

(C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

Id. § 924(e)(2).

Petitioner argued on direct appeal that the "information in the PSR regarding his prior felonies, which made him ACCA-eligible, was not accurate and the district court should not have used it to enhance his sentence." United States v. Oaks, 606 F.3d at 541. He further asserted that this Court "erred when it considered his juvenile conviction for attempted breaking and entering for purposes of ACCA." Id. at 543.

In Shepard v. United States, the United States Supreme Court held that a sentencing court may not rely upon police reports when deciding whether a prior conviction was a "generic burglary" for purposes of determining violent felony convictions under the ACCA. Shepard v. United States, 544 U.S. 13, 26 (2005). A sentencing court's review, instead, is "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy

between judge and defendant in which the factual basis for the plea was

confirmed by the defendant, or to some comparable judicial record of this

information." Id.

Noting that Petitioner did not object to the listing of the attempted

breaking and entering conviction in the PSR, the Eighth Circuit held that Oaks

was precluded from arguing on appeal that the information contained in the PSR

was inaccurate, and as a result, this Court did not err in concluding that this

conviction qualified as a violent felony under ACCA. Oaks, 606 F.3d at 543.

"Issues raised and decided on direct appeal cannot ordinarily be relitigated in a

collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d

750, 752 (8th Cir. 2001). Petitioner is precluded from raising this same claim in a

collateral proceeding. He does not point to any evidence that would support his

actual innocence. See id.; Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir.

2011) (en banc).

Petitioner now asserts that his counsel was ineffective for failing to object

to the Court's reliance upon Oaks' 1992 attempted breaking and entering

conviction in applying the ACCA. Petitioner cannot show prejudice arising from

his counsel's failure to object to the 1992 conviction presented in the PSR.

Petitioner asserts that the 1992 attempted breaking and entering incident

occurred while he was still a minor, yet he also concedes that he was adjudicated

guilty as an adult.  ([Docket No. 129] Memorandum at 15 of 21.)

Additionally, Petitioner relies upon the Court's determination in Taylor v.

United States, 495 U.S. 575, 602 (1990), that "an offense constitutes 'burglary' for

purposes of a § 924(e) sentence enhancement if either its statutory definition

substantially corresponds to 'generic' burglary, or the charging paper and jury

instructions actually required the jury to find all the elements of generic burglary

in order to convict the defendant."  Oaks argues that the underlying facts of his

attempted breaking and entering, such as that the store was closed and no one

was inside the store, demonstrate that his felony was not violent.  He further

argues that Michigan's breaking and entering statute is overly broad, such that in

encompasses non-generic burglary.  Therefore, he concludes that the

Government failed to meet its burden by failing to offering competent evidence,

such as the charging papers, to demonstrate that his conviction was a generic

burglary.

Reliance on Taylor, however, does not support Petitioner's position.  In

Taylor, the Supreme Court held that "a person has been convicted of burglary for

purposes of a § 924(e) enhancement if he is convicted on any crime, regardless of

its exact definition or label, having the basic elements of unlawful or

unprivileged entry into, or remaining in, a building or structure, with intent to

commit a crime." 495 F.3d at 599.  As addressed by the Eighth Circuit during

Petitioner's direct appeal, both attempted burglary and attempted breaking and

entering, under Michigan law, qualify as violent felonies for purposes of ACCA,

in line with the Court's holding in Taylor, as they pose the same serious potential

risk of physical injury as a completed burglary or breaking and entering.  See

James v. United States, 550 U.S. 192, 203-05 (2007) (addressing Florida attempted

burglary conviction); United States v. Fish, 928 F.2d 185, 187–88 (6th Cir. 1991)

(addressing Michigan attempted breaking and entering conviction); United

States v. Melton, No. 96-2411, 1998 WL 381347 (6th Cir. June 25, 1998)

(unpublished) (same).

The Court concludes that Petitioner cannot show with reasonable

probability that the result would have been different had counsel objected to the

1992 conviction for attempted breaking and entering contained in the PSR.

F.      **Constructive Amendment to the Indictment**

Petitioner next alleges that his counsel was ineffective in failing to object to a constructive amendment of the indictment. Oaks does not provide any details regarding this alleged constructive amendment. He does not address this claim in his brief.

On appeal, Oaks argued that the Court erred in relying upon his 1996 Michigan conviction for unlawfully driving away an automobile when determining his ACCA enhancement. While the Eighth Circuit court agreed that this conviction is not a violent felony for purposes of ACCA, it held that this error was harmless and did not affect Oaks' substantial rights because Oaks had three other prior violent felony convictions. United States v. Oaks, 606 F.3d at 543-44. This conviction was one of four provided in Oaks' Indictment. Though it is impossible to determine Petitioner's underlying argument supporting this claim without additional facts or law, to the extent that the removal of this conviction from the list of violent felonies contained in the indictment is at issue, Petitioner's ineffective assistance of counsel argument fails because he is unable to show, with reasonable probability, that had this conviction been removed from the indictment, his verdict or sentencing would have been different.

**G.    Alleged Crawford Violation**

Finally, Petitioner asserts that his counsel was ineffective for failing to object to a <u>Crawford</u> violation.  He provides no details regarding this allegation and does not address the issue in his brief.

Under <u>Crawford v. Washington</u>, the United States Supreme Court held that testimonial statements made by out-of-court witnesses were inadmissible when the defendant had no prior opportunity to cross-examine the witness, regardless of the statement's reliability.  <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004).  In order to pass Constitutional muster, a defendant must be provided with the opportunity to confront the witness whose testimonial statement is being offered.  <u>Id.</u>

To the extent that Petitioner's argument involves the additional cross-examination requested following the re-direct examination of Officer Palmer, this argument was raised and decided on direct appeal and is foreclosed.  The Eighth Circuit held that "Counsel's additional questions would not have added to the testimony or detracted from Palmer's credibility.  Accordingly, the district court did not abuse its discretion in disallowing Oaks's counsel additional cross-examination of Palmer."  <u>United States v. Oaks</u>, 606 F.3d at 540.  Furthermore, even if the Court were to consider Petitioner's ineffective assistance of counsel

14

argument with regard to the denial of re-cross examination, such a claim does

not come within the purview of the Court's decision in Crawford; Petitioner was

not denied the opportunity to confront Officer Palmer, but was simply denied

the opportunity for further cross examination, which the Eighth Circuit held

would not have detracted from palmer's credibility or added to the testimony.

Petitioner fails to show that his defense was prejudiced.

### H.    Certification of Appealability

With regard to the Court's procedural rulings, the Court concludes that no

"jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right;" nor would "jurists of reason . . . find

it debatable whether the district court was correct in its procedural ruling." Slack

v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decisions on the

merits, it concludes that no "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." Id.  Therefore, the

Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED:**

1. Petitioner Tyrone Shadale Oaks' Motion under 28 U.S.C. 2255 to
   Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody
   [Docket No. 119] is **DENIED.**

2. The Court denies a Certificate of Appealability in this case.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  April 19, 2012                    s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court