UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 07-315 (MJD/SRN)

TYRONE SHADALE OAKS,

    Defendant,

Kimberly A. Svendsen, Assistant United States Attorney, Counsel for Plaintiff.

James S. Becker, Office of the Federal Defender, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Petitioner Tyrone Shadale Oaks' Section 2255 Motion to Vacate and Correct Sentence. [Docket No. 138]

## II. BACKGROUND

On September 11, 2007, Petitioner Tyrone Shadale Oaks was indicted for being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1), Count 1. [Docket No. 1] Trial commenced on February 25, 2008. The parties stipulated that Oaks had previously been

1

convicted of one or more felony crimes and that the firearm in question had traveled in interstate commerce. On February 27, 2008, a jury returned a verdict of guilty against Oaks as to Count 1, felon in possession of a firearm. [Docket No. 69]

In preparation for sentencing, a presentence investigation report ("PSR") was completed, finding that the Oaks had been previously convicted of three felony crimes of violence. Oaks made certain objections to the PSR, but made no objections to the felony convictions that formed the basis for application of the armed career criminal enhancement in the present case.

Based on the application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C § 924(e), the advisory guidelines range was 235 to 293 months imprisonment, with the statutory minimum set at 180 months. Absent application of the ACCA, Oaks was subject to a 10-year statutory maximum sentence. 18 U.S.C. § 924(a)(2). On June 24, 2008, the Court sentenced Oaks to 293 months in prison. [Docket No. 89]

Oaks appealed both his conviction and his sentence to the Eighth Circuit Court of Appeals. The Eighth Circuit affirmed. United States v. Oaks, 606 F.3d 530 (8th Cir. 2010).

Oaks previously filed a § 2255 motion that was denied. [Docket No. 130] This year, the Eighth Circuit granted Oaks permission to file a successive habeas petition based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). [Docket No. 135]

**III.   DISCUSSION**

    **A.   Standard for Relief under 28 U.S.C. § 2255**

28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

    Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

<u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant is actually innocent. <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998).

3

B.   **Johnson v. United States**

The ACCA provides that a 15-year mandatory minimum sentence applies to a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" and/or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA further defines "violent felony" as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. The clause "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." Johnson held that the residual clause of the ACCA is void for vagueness. 135 S. Ct. at 2557, 2563. The Supreme Court has further held that Johnson is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

C.   **Application of Johnson to Oaks' Predicate Offenses**

The Government previously conceded that Oaks' prior conviction for Unlawful Driving Away does not qualify as a violent felony. See United States v. Oaks, 606 F.3d 530, 543-44 (8th Cir. 2010). Pre-Johnson, the Eighth Circuit held

that Oaks was subject to the ACCA based on three prior convictions, one of which was Michigan Attempted Breaking and Entering, which qualified under the residual clause. Oaks, 606 F.3d at 543-44. As both parties agree, under Johnson, Attempted Breaking and Entering no longer qualifies as a predicate conviction. See United States v. Smith, No. 10-CR-20058, 2015 WL 5729114, at *10 (E.D. Mich. Sept. 30, 2015). Oaks has only two remaining qualifying predicate convictions. Thus, Oaks is not an armed career criminal under the ACCA. As a result, the statutory maximum sentence for Oaks' current conviction is 10 years. Both Oaks and the Government request that the Court vacate his sentence and resentence him to a term of 120 months in prison to be followed by 3 years supervised release.

Oaks, through counsel, has requested a resentencing in absentia. Given Oaks' recent presence within the District of Minnesota and his current time served calculation of less than 120 months, the Court denies this request. A resentencing hearing shall be scheduled in the near future.


Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Tyrone Shadale Oaks' Section 2255 Motion to Vacate and Correct Sentence [Docket No. 138] is **GRANTED**.

2. Judgment in the criminal case is **VACATED**, and Tyrone Shadale Oaks shall be resentenced as soon as reasonably practicable.

3. Tyrone Shadale Oaks shall remain in custody pending the resentencing hearing. The Government shall issue a writ for his appearance at resentencing.

4. The U.S. Probation Office shall prepare a supplemental Presentence Investigation Report in advance of the resentencing hearing.

Dated: August 31, 2016        s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court